UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

    - against -

HECTOR S. JIMENEZ,

                Defendant.

------------------------------------------X

99 Cr. 1110-02
99 Cr. 1193-04
OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/12

**Sweet, D.J.**

By letter, dated July 25, 2012, defendant Hector S. Jimenez (the "Defendant" or "Jimenez") has moved pro se for an early termination of probation or supervised release term. The Government and the Probation Office in the Southern District of New York have responded and have no opposition to the motion.

For the reasons set forth below, the application for early termination is granted.

**Prior Proceedings**

On December 13, 2001, Jimenez was sentenced for two cases involving two separate convictions for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Under S1 99 CR 1110-02(RWS) and S1 99 CR 1193-04(RWS), Jimenez was sentenced to 120 months imprisonment for each case to run concurrently to each other. Both terms of imprisonment were to be followed by concurrent five-year terms of supervised release to include special conditions of drug and alcohol treatment. A special assessment of $100 was also imposed for each conviction.

Jimenez commenced his terms of supervised release on August 14, 2008, with the Probation Office of the Southern District of New York. The terms are currently scheduled to expire on August 13, 2013.

By letter motion dated July 25, 2012, Jimenez now seeks an early termination of his remaining supervised release term.

**The Applicable Standard**

A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. See United States v. Sarna, No. 06 Cr. 1067, 2009 WL 2633153, at *1 (S.D.N.Y. Aug. 26, 2009) (defendant's compliance with the terms and conditions of his supervision is insufficient to "rise to the level of 'exceptionally good behavior' that would warrant early termination of supervised release").

Instead, a sentencing court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When making such a determination, the court is directed to consider several factors set forth in 18 U.S.C. § 3553(a)[1] as well as any "new or unforeseen circumstances" that make termination appropriate. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals.

---

[1] Specifically, the court is directed to consider the factors set forth in 18 U.S.C. §§ (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

3

Id.  This determination is within the discretion of the district court.  Id.

**Defendant's Motion for Early Termination of His Remaining Supervised Release Term is Granted**

In considering his motion, Jimenez asks the Court to consider that he has successfully completed four years of supervised release without incident, and has only one year remaining in his term.  He was also gainfully employed in the printing and advertising field prior to the company closing as a result of the economy.  Jimenez also notes that the significance of having the right to vote in the next election and wishes to have the ability to travel to visit his children in Florida, and possibly move to the state to be closer to his family.

In response, the Government states that since the start of his supervision, Jimenez has remained compliant with all conditions of his supervised release terms.  He completed outpatient drug treatment with Daytop, reported as directed, never tested positive for the use of illicit substances, maintained a stable residence and was employed as a printer for Print International until the Spring of 2011, when the company ceased operations.  He began collecting unemployment benefits while he continued his job search.  During that time, he was

4

transferred to a low-risk caseload, in which he was no longer required to report to the Probation Office, but instead submitted a monthly supervision report at the beginning of each month via the internet.

Jimenez has experienced a series of health issues during his terms of supervision. He is insulin-dependent diabetic, who was involved in a car accident in September 2011, which required knee surgery. In April 2012, Jimenez suffered a stroke which has left him with partial paralysis and slurred speech. He is financially supported by unemployment benefits of $340 per week and his wife, who earns $60,000 annually as an account initiation specialist at JPMorgan Chase.

In light of Jimenez' compliance with all of the conditions of his supervised release terms and his medical issues, the Government has presented no objections to Jimenez' request to terminate the remainder of his supervised release terms. After considering all the statutory factors, the Court finds that Jimenez has presented facts and circumstances that demonstrate viable reasons for early termination.

**Conclusion**

For the foregoing reasons, the Defendant's motion for early termination of probation or early supervised release term is granted.

It is so ordered.

**New York, NY**
**August 31, 2011**

_____
ROBERT W. SWEET
U.S.D.J.